UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GAIL DESMOND,

    Plaintiff,

v.                                      Case No:   2:13-CV-888-DNF

CAROLYN W. COLVIN
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

## OPINION AND ORDER

This case is before the Court on Plaintiff's Complaint filed on December 24, 2013. (Doc. 1). Plaintiff, Gail Desmond, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a Period of Disability, Disability Insurance Benefits, and Supplemental Security Income. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.   Social Security Act Eligibility, ALJ Decision, and Standard of Review**

    **A.   Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.

The impairment must be severe, making the claimant unable to do her previous work or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911. There is a five step disability evaluation in which Plaintiff bears the burden of persuasion through step four, while at step five the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146, n.5 (1987).

## B. Procedural History

On April 8, 2011, Plaintiff filed an application for disability, disability insurance benefits, and supplemental security income asserting a disability onset date of April 25, 2009. (Tr. 149-152). Plaintiff's application was initially denied on June 20, 2011, and denied upon reconsideration on August 11, 2011. (Tr. 83-84, 107-08). A hearing was held before Administrative Law Judge Ronald S. Robins ("ALJ") on April 3, 2012. (Tr. 47-63). The ALJ issued an unfavorable decision on August 28, 2012. (Tr. 20-39). On November 27, 2013, the Appeals Council denied Plaintiff's request for review. (Tr. 1-3). Plaintiff filed a Complaint in the United States District Court on December 24, 2013. (Doc. 1). This case is now ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 16).

## C. Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine whether a claimant has proven that he is disabled. *Packer v. Commissioner of Social Security*, 542 F. App'x 890, 2013 WL 5788574 (11th Cir. Oct. 29, 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). An ALJ must determine whether the claimant (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform his

past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004).  The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five.  *Hines-Sharp v. Commissioner of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013)**.**

The ALJ determined that Plaintiff met the Social Security Act's insured status requirements through September 30, 2011. (Tr. 22).  At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 25, 2009, the alleged onset date. (Tr. 22).  At step two, the ALJ found that Plaintiff suffered from the following severe impairments: degenerative disc disease of the cervical spine, left knee pain, chronic back pain, affective disorder, and personality disorder citing 20 C.F.R. §§ 404.1520(c) and 416.920(c). (Tr. 22).  At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d) and 416.925). (Tr. 23).  At step four, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except for the following listed restrictions:

> The claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently. The claimant can stand and/or walk for six hours (with normal breaks) total in an eight-hour workday. The claimant can sit for six hours total (with normal breaks) in an eight-hour workday. The claimant can push and pull the same amount as for lift and carry. The claimant can occasionally kneel, crouch, and crawl. The claimant has mild restrictions with regard to activities of daily living, mild difficulty maintaining social functioning, and moderate difficulty maintaining concentration, persistence, or pace. The claimant has had no episodes of decompensation in a work-like setting. The claimant can understand, remember, and carry out simple, repetitive and routine tasks. The claimant has much greater limitations with regard to detailed or complex tasks and could not do detailed or complex

> tasks. She is able to do simple tasks in a low stress environment and cooperate with coworkers and the public. (Tr. 25).

The ALJ determined that Plaintiff could return to her past relevant work as a cashier II because this is an unskilled position with a light exertion level which does not require the performance of work-related activities precluded by Plaintiff's RFC. (Tr. 38). Therefore, the ALJ concluded at step four that Plaintiff was not under a disability as defined in the Social Security Act from April 25, 2009, through the date of the decision. (Tr. 38).

### D. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Richardson v. Perales,* 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive when supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla; i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence that a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote,* 67 F.3d at 1560; *accord*, *Lowery*

*v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## II. Analysis

Plaintiff raises two issues on appeal. (Doc. 23, p. 2-3). As stated by Plaintiff, they are:

(1) Whether the ALJ failed to consider Plaintiff's hand pain and tremors as severe impairment under Step Two of the Sequential Evaluation.

(2) Whether the ALJ failed to consider Plaintiff's bilateral hand limitations in his assessment of Plaintiff's RFC.

### 1. Whether the ALJ failed to consider Plaintiff's hand pain and tremors as severe impairment under Step Two of the Sequential Evaluation.

Plaintiff argues that the ALJ failed to find that her hand pain and tremors were a severe impairment that would result in manipulative limitations and an inability to perform her past work as a cashier II despite substantial evidence to the contrary. (Doc. 23). On January 4, 2012, Family Health Center records noted that Plaintiff was "quite shaky" and her hand tremors seemed "more prominent." (Tr. 342). Plaintiff argues that there is substantial evidence that her hand tremors are a severe impairment because it is "more than a slight abnormality which has minimal effect on the general ability to do work." *Hillsman v. Bowen*, 804 F.2d 1179, 1181 (11th Cir. 1986).

The Commissioner argues that Plaintiff's argument lacks merit because the ALJ already found Plaintiff to have several severe impairments and was therefore required to consider the claimant's entire medical condition, including any impairments deemed not severe such as Plaintiff's hand pain and tremors, when determining the claimant's RFC at the Sequential Evaluation steps. (Doc. 26). *See Burgin v. Comm'r of Soc. Sec.*, 420 F. App'x 901, 902 (11th Cir. 2011). The Commissioner argued that Plaintiff also failed to specifically challenge the ALJ's credibility ruling and as a result, waived the issue. (Pl.'s Br. at 23-32). *See United Technologies*

*Corp. v. Mazer*, 556 F.3d 1260, 1279-80 (11th Cir. 2009) (holding appellant abandoned issue not raised in opening brief). The Commissioner argues that the ALJ not only found a lack of substantial evidence and credibility for Plaintiff's hand pain and tremors, but Plaintiff never challenged the credibility grounds used by the ALJ.

At issue here is step two of the ALJ's disability determination, where severity is analyzed. At this step, "[a]n impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986). A severe impairment must bring about at least more than a minimal reduction in a claimant's ability to work, and must last continuously for at least twelve months. *See* 20 C.F.R. §§ 404.1505(a). This inquiry "acts as a filter" so that insubstantial impairments will not be given much weight. *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987). While the standard for severity is low, the severity of an impairment "must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986).

According to the Eleventh Circuit, "[n]othing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe," but only that the ALJ considered the claimant's impairments in combination, whether severe or not. *Heatly v. Comm'r of Soc. Sec.*, 382 F.App'x 823, 825 (11th Cir. 2010). If any impairment or combination of impairments qualifies as "severe," step two is satisfied and the claim advances to step three. *Gray v. Comm'r of Soc. Sec.*, 550 F. App'x 850, 2013 WL 6840288, at *1 (11th Cir. Dec. 30, 2013) (citing *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987)).

The ALJ did not find Plaintiff's hand pain and tremors to be severe, however he did consider them in combination with Plaintiff's other impairments. (Tr. 26, 37, 56-57). The ALJ considered Plaintiff's hand tremors in combination with her severe impairments at step four. When determining Plaintiff's RFC at step four, the ALJ stated he considered the entire record and "all [of Plaintiff's] symptoms and the extent to which these symptoms [could] reasonably be accepted as consistent with the objective medical [and all other] evidence." (Tr. 37). When considering Plaintiff's hand tremors in combination with her severe impairments, the ALJ noted her meeting with Dr. Donald Tindall in July, 2009, where Dr. Tindall noted that her hand grip was full strength (5/5) and that her handwriting was legible and that she could use her hands for dressing, undressing, and turning a door knob. (Tr. 33, 229-31). The ALJ further considered Plaintiff's daily living activities where Plaintiff reported in June, 2009, that she was independent, could drive an automobile, and used her hands for normal activities. (Tr. 24, 229).

Even if the ALJ erred in failing to find Plaintiff's hand tremors a severe impairment at step 2, the error was harmless because the ALJ considered Plaintiff's severe and non-severe impairments in combination, including her hand tremors and limitations.

**2. Whether the ALJ failed to consider Plaintiff's bilateral hand limitations in his assessment of Plaintiff's RFC.**

Plaintiff argues that the ALJ failed to properly consider her bilateral hand impairments in the RFC assessment, and therefore his decision is not supported by the evidence. (Doc. 23). Plaintiff claims that the ALJ failed to incorporate his own line of questioning with Plaintiff where she confirmed she was still experiencing severe tremors. (Tr. 56). Plaintiff asserts that the ALJ also failed to consider his own question to the Vocational Expert ("VE") where he added the condition of hand tremors to a previous hypothetical, (Tr. 61-63), and the VE responded that Plaintiff would not be able to complete any past relevant work. (Tr. 63). Plaintiff argues that the

ALJ failed to consider the VE's hypothetical with hand tremors and other evidence as part of the RFC assessment, and therefore is in direct violation of Social Security Ruling 96-8p, which requires the RFC to incorporate "'not severe' impairments with limitations or restrictions due to other impairments." Plaintiff argues that the ALJ failed to consider any limitations of Plaintiff's hand pain and tremors, specifically the effect of her condition upon manipulative work-related activities. Therefore, the ALJ's incomplete analysis resulted in an inaccurate RFC assessment.

The Commissioner argues that the ALJ noted and considered Plaintiff's hand pain and tremors in combination with all other impairments, several times throughout the RFC assessment before finding she could perform past relevant work. (Doc. 26). The Commissioner argues that at step three, the ALJ concluded Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the … listed impairments." (Tr. 23). *See* 20 C.F.R 404.1520(a)(4)(iii) and 416.920(a)(4)(iii). The Commissioner argues that the Eleventh Circuit has held that similar findings provide sufficient evidence that the ALJ considered the combined effect of Plaintiff's impairments. *See Wilson v. Barnhart*, 284 F.3d 1219, 1224-25 (11th Cir. 2002). Finally, the Commissioner argued that Plaintiff as recently as May, 2011 was observed by a state agency employee who found Plaintiff to have no difficulty using her hands or writing. (Tr. 26, 173).

The RFC is the most a plaintiff is able to do despite her physical and mental limitations. 20 C.F.R. § 404.1545(a)(1). The determination of a claimant's RFC is within the authority of the ALJ and along with the claimant's age education, and work experience, the RFC is considered in determining whether the claimant can work. *Lewis v. Callahan,* 125 F.3d 1436, 1440 (11th Cir. 1997), 20 C.F.R. § 404.1545(a)(1). In determining whether Plaintiff can return to her past relevant work, the ALJ must determine the Plaintiff's RFC using all of the relevant medical and

other evidence in the record.  *Phillips v. Barnhart*, 357 F.3d 1232, 1238-39 (11th Cir. 2004), 20 C.F.R. §404.1520(e).

SSR 96-8p states the RFC must address the individual's remaining exertional and nonexertional capacities. Nonexertional capacity considers work-related limitations and restrictions such as manipulative ability (e.g., handling and reaching.).[1] The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). SSR 96-8p[1], 1996 WL 374184, at *7. The ALJ's ruling, does not require a detailed analysis in the ALJ's written decision of a claimant's ability to perform each function. *Id*.

In the present case, the ALJ did consider Plaintiff's alleged manipulative hand impairments in his RFC assessment even though they were not labeled as severe earlier in the sequential evaluation. At step three the ALJ considered Plaintiff's hand tremors in combination with her severe impairments and concluded that there was not "an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed[.]" (Tr. 23). At step four of the sequential evaluation, the ALJ stated he considered "all [of Plaintiff's] symptoms and the extent to which these symptoms [could] reasonably be accepted as consistent with the objective medical [and all other] evidence" when determining her RFC. (Tr. 25). After analyzing the Plaintiff's hand use and impairments at steps three and four of the sequential evaluation, the ALJ found the record lacked adequate support for a gross and fine manipulation limitations. (Tr. 37).

---

[1] "Social Security Rulings are agency rulings published under the Commissioner's authority and are binding on all components of the Administration. [citation omitted].  Even though the rulings are not binding on us, we should nonetheless accord the rulings great respect and deference . . ." *Klawinski v. Comm'r of Soc. Sec.*, 391 F. App'x 772, 775 (11th Cir. 2010).

The ALJ gave two hypotheticals to the VE. The ALJ's first hypothetical included all the impairments he found. (Tr. 62.) The ALJ's second hypothetical added additional limitations that the ALJ did not find were supported by the medical evidence, including Plaintiff's claimed hand impairments. (Tr. 63). The ALJ was not required to include or consider any limitations that he properly found unsupported. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1151, 1161 (11th Cir. 2004). The VE testified that a person under the ALJ's first hypothetical RFC would be able to perform past relevant work as a cashier II. (Tr. 62). The VE's testimony along with the ALJ's limitation findings were considered by the ALJ and provided substantial evidence at step four of the sequential evaluation that plaintiff could perform her past relevant work. (Tr. 38).

Plaintiff argues that the ALJ did not consider her hand pain and tremors, however, that argument fails because the ALJ considered Plaintiff's hand limitations at multiple times and evidence from multiple sources throughout his evaluation. *Philips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). Therefore, the ALJ's decision was supported by substantial evidence and the ALJ did not err when he concluded that Plaintiff could return to past relevant work because the ALJ considered all of Plaintiff's impairments, severe and not severe, in combination when forming the basis of the RFC and sequential evaluation.

### III. Conclusion

Upon consideration of the submissions of the parties and the administrative record, the Court finds that the decision of the ALJ is supported by substantial evidence.

**IT IS HEREBY ORDERED:**

The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. §405(g). The Clerk is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on March 24, 2015.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties